**NOT FOR PUBLICATION** [Docket No. 5]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT S. VISINTINE, | Civil Action No.:11-4712 (RMB) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| DONNA ZICKEFOOSE, et al., |  |
| Defendants. |  |

**APPEARANCES:**

Robert S. Visintine, Pro Se
#14576-018
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**BUMB**, District Judge

Plaintiff, Robert S. Visintine, is currently confined at the Federal Correctional Institution, Fairton, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging a violation of the federal statutes. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff seeks to sue Donna Zickefoose, the warden of the institution in which he was confined at the time he commenced this action, as well as Lieutenant C. Kaough and Disciplinary Hearing Officer A. Boyce.  Plaintiff alleges that the defendants "are members of a RICO Enterprise within the meaning of the RICO Act."[1]  Plaintiff alleges:

> The Enterprise is an organization of federal employees who are T̲errorist[s] against H̲umane U̲ltruistic G̲overnment S̲ervices, (THUGS).  Their objective among other things is to terrorize person[s] dependent upon United States Government Services for Humane Care.  To further the purpose and objective of THUGS, Donna Zickefoose, Warden at FCI Fort Dix, SHU Lt. C. Kaough, DHO A. Boyce, and others known and unknown, as members and associates of, and in furtherance of THUGS Enterprise have conspired with each other and have purposely knowingly and intentionally, did retaliate against Robert S. Visintine a victim of the crimes herein, in violation of 18 U.S.C. § 1513, but not limit[ed] thereto, to wit: torture, denial of medications, denial of due process for Administrative Sanctions, denial of humane medical care, denial [of] adequate material to access courts and redress grievances, . . . .

(Complt., p. 2 of 3, emphasis in original).  Plaintiff further states that defendants robbed and extorted money from him for medical care, and falsely imprisoned him, "all of which was in or affected interstate commerce . . . ."  (Complt., p. 2 of 3).

Plaintiff asks for monetary relief.

---

[1] See Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

2

**DISCUSSION**

**A.     Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint

3

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

4

**B.   Civil RICO Statutes**

Plaintiff asserts jurisdiction under 18 U.S.C. §§ 1961-1968, the Racketeering Influence and Corrupt Organizations Act ("RICO").  The RICO statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

See 18 U.S.C. § 1962(c).  A cause of action for a violation of RICO requires a plaintiff to allege four elements: 1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  A "pattern of racketeering activity" requires the plaintiff to allege at least two predicate acts of racketeering.  See id. (citing 18 U.S.C. § 1961(5)).

**C.   Plaintiff's Complaint Must Be Dismissed.**

Here, it is clear that Plaintiff has not stated a claim upon which relief may be granted.  Under the RICO statutes cited, Plaintiff has not met the elements of a cause of action for RICO, nor has he shown the plausibility of the allegations of his complaint, and "sufficient factual matter," as required by Iqbal.  Plaintiff makes bald accusations that defendants are members of the so-called THUGS enterprise, and, nevertheless, shows no

conduct or pattern of racketeering activity as required by the statute.

Plaintiff's complaint mentions that he was denied medications, access to courts, and other grievances. Plaintiff provides no facts supporting these claims in the instant complaint. The Court notes that these claims would be properly raised in an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), or another appropriate civil action, pled in accordance with the mandates of <u>Iqbal</u> as laid out above. However, as Plaintiff asserts jurisdiction in this action under 18 U.S.C. § 1961 only, and not <u>Bivens</u>, his complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed. An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: May 29, 2012

6